UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Raymond Londong

   v.                                      Civil No. 17-cv-204-JD
                                           Opinion No. 2017 DNH 168
Deutsche Bank National
Trust Company, as Trustee


O R D E R

Raymond Londong, proceeding pro se, filed a plea of title action in state court to prevent Deutsche Bank from evicting him from his home following a foreclosure sale. Deutsche Bank removed the case to this court. Londong filed an amended complaint in which he alleged claims that the foreclosure sale was improper because Deutsche Bank did not send the required notice and that Deutsche Bank breached the implied duty of good faith and fair dealing. Deutsche Bank moves for judgment on the pleadings. Londong did not file a response.[1]

Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the standard used for motions under Rule 12(b)(6). HSBC Realty Credit Corp. v.

---

[1] Having not filed a response, any objection is deemed to be waived by Londong. LR 7.1(b).

O'Neill, 745 F.3d 564, 570 (1st Cir. 2014). In that review, the court accepts all well-pleaded facts as true and resolves reasonable inferences in the plaintiff's favor. O'Shea v. UPS Retirement Plan, 837 F.3d 67, 77 (1st Cir. 2016). To survive a motion under Rule 12(b)(6), the complaint must state sufficient facts to support a plausible claim for relief. In re Curran, 855 F.3d 19, 25 (1st Cir. 2017).

For purposes of a motion to dismiss and a motion for judgment on the pleadings, the court generally is limited to the allegations in the complaint. Fed. R. Civ. P. 12(d). The court, however, may consider documents and materials whose authenticity is not disputed that are submitted with the complaint, referred to in the complaint, or submitted with the answer to the complaint. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007).

## Background

In his amended complaint, Londong alleges that after he began having financial troubles he contacted the servicing agent to seek a modification of the mortgage but was not successful. He then received a letter from Bank of America notifying him that a foreclosure sale would be conducted with a lost note affidavit. He further alleges that he heard nothing further

about the foreclosure until he was approached by a real estate agent who claimed to be working for Deutsche Bank.

Deutsche Bank provided additional information in its answer and attached documents. Londong has not disputed the authenticity of the documents provided by Deutsche Bank.

In a letter dated April 20, 2015, Susan Cody of Korde and Associates, P.C., notified Londong that her office represented the servicer for Deutsche Bank National Trust Company, as Trustee, which was the holder of Londong's mortgage. She stated that Londong's mortgage account was delinquent, that the indebtedness was accelerated, and that the balance was then due. Cody also notified Londong that "it is the Intention of the Holder to foreclose said Mortgage under the Power of Sale for breach of the conditions of the loan documents."

On May 29, 2015, Cody sent Londong a notice of foreclosure sale to be held on July 1, 2015. The notice was sent by certified mail. Londong signed the receipt for the delivery on June 8, 2015.

The foreclosure sale was held on July 1, 2015. A foreclosure deed was issued to Deutsche Bank for the property on September 2, 2015, and the deed was recorded on February 11, 2016. Filed with the foreclosure deed is an affidavit by Cody which documents that notice of the foreclosure was sent to

3

Londong, and others, and that notices of the foreclosure sale were published in the Union Leader on three dates.

Deutsche Bank brought a possessory action against Londong in state court in August of 2016, and in response Londong filed a plea of title action, which Deutsche Bank removed to this court as this case.

## Discussion

In the amended complaint, Londong alleges that Deutsche Bank improperly foreclosed on his property because it did not send the notices required by RSA 479:25 and that its failure to provide notice breached the implied covenant of good faith and fair dealing. He also alleges that Deutsche Bank breached the implied covenant by sending him notice that the foreclosure would be conducted through a lost note affidavit and then proceeding without mention of the lost note. Deutsche Bank moves for judgment on the pleadings on the ground that Londong has not stated a plausible claim. As is noted above, Londong did not file a response to Deutsche Bank's motion.

A. Notice Required by RSA 479:25

In 2015, RSA 479:25 required that notice of a foreclosure sale be sent to the mortgagor by, among other things, certified mail at least twenty-five days before the sale of the property.

RSA 479:25, II(a).  The record in this case establishes that the notice of the foreclosure sale was sent by certified mail on May 29, 2015, and the sale was held on July 1, 2015.  Londong received notice of the foreclosure sale, which is shown by his signature.

Therefore, his claim in Count I that Deutsche Bank improperly foreclosed because it did not provide the required notice is not plausible based on the record.

B.  Covenant of Good Faith and Fair Dealing

Londong alleges in Count II that the foreclosure is invalid because Deutsche Bank breached the implied covenant of good faith and fair dealing by not providing notice and by misleading him with reference to a lost note.  Deutsche Bank contends that the claim fails because Londong received notice of the sale but did not petition to enjoin the sale before it occurred.

Under New Hampshire law, a lender or mortgagee must satisfy the notice requirements of RSA 479:25.  If that is done, a mortgagor's failure to seek an injunction against a foreclosure sale before it occurs bars any action that challenges the validity of the foreclosure.  RSA 479:25, II; Brown v. Wells Fargo Home Mortg., 2016 WL 3440591, at *3 (D.N.H. June 20, 2016).

5

As is explained above, Deutsche Bank provided Londong with notice of the foreclosure sale as is required by RSA 479:25. Londong did not petition for an injunction to stop the sale, and the sale was held as scheduled and provided in the notice. Therefore, Londong cannot now challenge the validity of the foreclosure sale.

## Conclusion

For the foregoing reasons, the defendant's motion for judgment on the pleadings (document no. 12) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

August 30, 2017

cc: Raymond Londong, pro se
    Kevin P. Polansky, Esq.